GRIFFIN, Judge,
concurring and concurring specially.
Reluctantly, I agree that the value of the pension as a marital asset needs to be reconsidered by the lower court. I am reluctant because the trial court did the best it could with what it was given. As appellee notes, there is normally a presumption that an asset acquired during the marriage is marital and the burden of establishing the nonmarital status of any part of the asset is on the proponent — in this case, Mr. Pilny. Here, Mr. Pilny offered no evidence of the nonmar-ital asset status of a portion of his pension, as the New York ease law cited by Judge Sharp clearly indicates can and must be done. Mr. Pilny preferred an all-or-nothing approach that failed. It was Mrs. Pilny who offered the brochure containing the formula used by the judge. Because, however, the New York case law plainly describes a disability pension like the one at issue here as consisting of both marital and nonmarital components, I *1113 do not think Mrs. Pilny can rely on the presumption that the asset is marital or on Mr. Pilny’s failure of proof to the contrary. Mrs. Pilny concedes in her brief that all the evidence that would have permitted an accurate calculation under the formula was not a part of the record. The court below needs more evidence to do its job correctly.